IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENISE F. MAYHUGH,

        Plaintiff,                             No. CIV S-09-1699 DAD PS

     v.

MICHAEL J. ASTRUE,                  <u>ORDER</u>
Commissioner of Social Security,

        Defendant.
_____/

       On February 8, 2010, the pro se plaintiff was ordered to show why this case should not be dismissed for lack of prosecution. Plaintiff's timely response is before the court.

       Plaintiff complains that defendant did not timely file an answer to her complaint and that the court granted defendant's motion for an extension of time without providing her any opportunity to oppose the motion. Plaintiff further complains that defendant served her with an "unfiled" answer and she has not been served with a filed copy. Plaintiff asserts that the 45-day period for the filing of her motion for summary judgment or remand has not yet started to run because she has not been served with a copy of the administrative record. Plaintiff suggests that defendant has purposefully misrepresented to the court that the record was served on her. Plaintiff requests a court order requiring defendant to serve her with a copy of the record and allowing her to file a timely motion.

1

In response to plaintiff's filing, defendant has filed evidence that paper copies of the administrative record and other documents were served on plaintiff by certified mail on November 18, 2009, as declared in defendant's certificate of service filed on that date. The documents were addressed to plaintiff at her address of record. The entire mailing was returned to defendant stamped unclaimed after the Post Office attempted delivery and provided notices to plaintiff on November 19, 2009 and on December 26, 2009, and then waited until at least January 7, 2010 for plaintiff to claim her mail. Defendant's counsel received the returned mail on January 25, 2010. Defendant re-served the administrative record on plaintiff by certified mail on February 24, 2010.

Plaintiff is informed that the court neither requires nor desires briefing on requests for extension of time. Local Rule 144(c) expressly provides that the court may, in its discretion, grant a party's initial <u>ex parte</u> extension of time on an appropriate showing. While the rule anticipates that counsel seeking such an extension will first seek a stipulation from opposing counsel, that requirement is often impractical where the opposing party is proceeding pro se. In any event, defendant's answer was rendered timely by the court's November 17, 2009 order deeming the answer timely. Neither the timing of defendant's answer nor the court's ruling on defendant's motion for extension of time excuses plaintiff's failure to file a timely motion for summary judgment and/or remand.

Plaintiff is advised that when a document is filed in this court, the document must include, at the time of filing, a proof of service on all other parties. <u>See</u> Local Rule 135(b) and (c). Plaintiff's response to the order to show cause does not include a proof of service and is therefore not in compliance with the rule. To comply with the rule, the filer must necessarily serve an unfiled copy of the document or it would be impossible to include a proof of service with the document to be filed. There is no rule that requires the filer to serve a document a second time in order to provide a filed copy. The service of unfiled copies does not excuse plaintiff's failure to file a timely motion for summary judgment and/or remand.

Finally, the court finds that a copy of the administrative record was properly served on plaintiff at her address of record on November 18, 2009. Plaintiff's 45-day period for filing a motion began to run on that date. When plaintiff received a copy of defendant's answer and did not receive the administrative record that was due at the same time, it was plaintiff's responsibility to contact defendant's counsel or the court or both concerning her copy of the record. As plainly stated in the court's scheduling order, "Plaintiff has an affirmative duty to prosecute this action, and failure to do so may result in a dismissal with prejudice for lack of prosecution." (Doc. No. 4, Order filed June 19, 2009, at 3.)

The court's scheduling order also cautions that the court will not contact counsel or the parties to remind them of scheduling deadlines. (Id..) In consideration of plaintiff's pro se status, the court has issued an order to show cause regarding plaintiff's motion but does not anticipate doing so a second time. Defendant has re-served the administrative record on plaintiff, and the court will grant plaintiff an extension of time to file a motion for summary judgment.

In accordance with the above, IT IS ORDERED that:

1. The court's February 8, 2010 order to show cause is discharged; and

2. Plaintiff's time to file a motion for summary judgment and/or remand is extended to April 30, 2010. The motion must be accompanied by a proof of service showing that a copy of the motion has been placed in the mail to defendant's counsel. Failure to <u>timely</u> file a motion for summary judgment and/or remand pursuant to this order may result in dismissal of the action.

DATED: February 26, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/mayhugh1699.osc.dsch

3