1

2

3

4

5

6

7

8         IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DENISE F. MAYHUGH,

11            Plaintiff,                    No. CIV S-09-1699 DAD PS

12        v.

13    MICHAEL J. ASTRUE,                    ORDER
      Commissioner of Social Security,
14
              Defendant.
15    _____/

16            On June 19, 2009, the court issued a scheduling order which, among other

17    requirements, required plaintiff to file a motion for summary judgment and/or remand within a

18    required time (Doc. No. 4).  The order cautions all parties and counsel that the court will not

19    contact parties or counsel to remind them of any deadline set forth in the scheduling order.  The

20    order also advises plaintiff that she has an affirmative duty to prosecute this action and that

21    failure to prosecute may result in a dismissal of the action with prejudice.

22            On February 8, 2010, almost three months after defendant filed an answer to

23    plaintiff's complaint and served a copy of the administrative record upon plaintiff, the court

24    ordered plaintiff to show good cause for her failure to file a motion for summary judgment and/or

25    remand.  Upon careful consideration of plaintiff's response to the order to show cause, the court

26    found that plaintiff's allegations and arguments did not demonstrate good cause for plaintiff's

1

failure to file a timely motion for summary judgment and/or remand.  Nonetheless, in light of plaintiff's pro se status, the court issued an order on February 26, 2010, granting plaintiff an extension of time to April 30, 2010, in which to file and serve a motion for summary judgment and/or remand.  The court cautioned plaintiff that "[f]ailure to timely file a motion for summary judgment and/or remand may result in dismissal of the action."  The April 30, 2010 deadline has passed, and plaintiff has not filed a motion for summary judgment and/or remand.

All orders issued in this action have been served on plaintiff by mail at her address of record, and no mail has been returned to the court as undeliverable.  Defendant has provided evidence that a copy of the administrative record was served upon plaintiff by certified mail on November 18, 2009, and again on February 24, 2010.  Each time, the mailing was returned to defendant's counsel marked "Unclaimed" after the postal service delivered numerous notices of certified mail to plaintiff.

The pro se plaintiff was advised twice of her obligation to prosecute this case.  She was served with a copy of the administrative record twice and failed to claim it on either occasion.  She was granted a generous extension of time to file her motion for summary judgment and/or remand but failed to file such a motion.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed with prejudice due to plaintiff's multiple failures to comply with court orders and her complete failure to prosecute this action.  See Local Rule 110.

DATED: May 10, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
ddad1/orders.socsec/mayhugh1699.ord.dism

2